**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0246-15T2

IN THE MATTER OF TAQIYYAH
DAVIDSON, ESSEX COUNTY.

_____

Submitted April 26, 2017 — Decided July 20, 2017

Before Judges Gooden Brown and Farrington.

On appeal from the Civil Service Commission,
Docket No. 2015-2874.

Taqiyyah Davidson, appellant pro se.

Christopher S. Porrino, Attorney General,
attorney for respondent Civil Service
Commission (Valentina M. DiPippo, Deputy
Attorney General, on the brief).

Courtney M. Gaccionne, Essex County Counsel,
attorney for respondent County of Essex (Kecia
M. Clarke, Assistant County Counsel, on the
brief).

PER CURIAM

Taqiyyah Davidson appeals from the July 30, 2015 final agency
decision of the Civil Service Commission (Commission) terminating
her employment as an Essex County Juvenile Detention Officer for
violating the policies against fraternization with a juvenile

inmate and failing to admit multiple visits with that juvenile when confronted. We affirm.

We derive the following facts from the record. On February 18, 2014, Davidson was interviewed by Sergeant Shiranda Morton in the Office of Internal Affairs. She was questioned regarding her association with T.W., a former juvenile inmate. During the interview, Davidson stated that inmate T.W. was a family friend who she had known for a long time. Davidson did not admit to visiting T.W. in the Union County Jail. She did admit that she went to the jail, on one occasion, to drop off his mother. Contrary to her assertion, the County had surveillance videos and sign-in logs that she entered the facility and visited T.W. on that day, and on approximately a dozen other occasions. Davidson was also questioned about whether she was aware of the policy against fraternizing with inmates, which she initially denied. Davidson was served with preliminary notice of disciplinary action on February 18, 2014, charging her with being in violation of Essex County Juvenile Detention Standard of Conduct and Code of Ethics Order #08-01, which prohibits fraternization, and Essex County Juvenile Detention Center Fraternizing Policy #03-13, which restricts contact with current and former residents. She was further charged with violation of <u>N.J.A.C.</u> 4A:2-2.3(a)(1) ("Incompetency, inefficiency or failure to perform duties"),

N.J.A.C. 4A:2-2.3(a)(6) ("Conduct unbecoming a public employee"), and N.J.A.C. 4A:2-2.3(a)(12) ("Other sufficient cause").

A departmental hearing on the disciplinary charges was held on March 12, 2014. Essex County sought termination. Sergeant Morton's testimony showed Davidson had been employed as a Juvenile Detention Officer by Essex County since June 12, 2010. She received new-hire training on June 23, 2010. Davidson is also a police academy graduate. She began police academy training on June 13, 2011 and graduated on August 3, 2011. As part of her police academy training, she received instruction on ethics, fraternization, general conduct, different forms of fraternization and policies and procedures regarding fraternization. The County produced testimony regarding the instruction Davidson received, including zero tolerance of officers fraternizing with inmates. Sergeant Morton testified, and the other testifying witnesses corroborated, that Davidson was required, and failed to report, contact with the juvenile or seek permission for contact, in writing, prior to her contact with T.W. Sergeant Morton testified that despite Davidson's denial of receipt of non-fraternization training, Davidson scored 90% on the portion of the police academy training exam that covers fraternization. On April 11, 2014, the hearing officer found for Essex County, sustaining the charges and specifications. He determined termination was unwarranted because

Davidson had no prior disciplinary action, had not violated the fraternization policy since being notified of the infraction, and the County presented no evidence that Davidson's job performance had been otherwise unsatisfactory. The hearing officer imposed a three-month suspension.

Davidson requested an administrative appeal on May 7, 2014. On May 23, 2014, the Commission transferred the matter to the Office of Administrative Law (OAL) for determination as a contested case. On August 11, 2014 and August 13, 2014, a hearing was held before Administrative Law Judge, Leland S. McGee. Judge Leland S. McGee sustained the charges and recommended an eight-month suspension.

The County filed exceptions to Judge Leland S. McGee's decision. On July 30, 2015, following a hearing, the Commission issued a final administrative decision upholding Davidson's removal. The Commission determined that the testimony regarding the training that Davidson was required to take was credible and that both the new-hire training and the Academy training included fraternization and ethics policies concerning disclosure of relationships with incarcerated people and visits to same. The Commission found sufficient evidence in the record to support the charge of violation of the Essex County Juvenile Detention Standards of Conduct and Code of Ethics Order #08-01. The

Commission further found Davidson engaged in conduct unbecoming a public employee and gave sufficient cause for disciplinary action by violating the Essex County Juvenile Detention Standard of Conduct and Code of Ethics Order #08-01. The Commission did not find that sufficient other causes existed pursuant to N.J.A.C. 4A:2-2.3(a)(12) and dismissed the charge of other sufficient cause.

On appeal, Davidson raises the following argument:

> THE APPELLANT WAS SUSPENDED FROM HER JOB FOR VIOLATING FRATERNIZATION POLICY 03-13 (9A) [SIC] THAT SHE HAD NO KNOWLEDGE EXISTED AND THE EMPLOYER STATED THAT ALL POLICIES DISTRIBUTED ARE SIGNED FOR BUT FAILED TO PRODUCE THE CLAIMANT'S SIGNITURE [SIC] FOR THE POLICY AT QUESTION, THEREFORE, SHE SHOULD NOT HAVE BEEN REMOVED FROM EMPLOYMENT.

Our scope of review of an administrative agency's final decision is limited. We accord to the agency's exercise of its statutorily-delegated responsibilities a strong presumption of reasonableness. See Newark v. Natural Res. Council Dep't of Envtl. Prot., 82 N.J. 530, 539 (1980), cert. den., 449 U.S. 983, 101 S. Ct. 400, 66 L. Ed. 2d 245 (1980). Our function is to determine whether the administrative action was arbitrary, capricious or unreasonable. See Henry v. Rahway State Prison, 81 N.J. 571, 580 (1980). "We will only decide whether the findings could reasonably have been reached on the credible evidence in the record,

considering the proofs as a whole." Bowden v. Bayside State Prison (Dep't. of Corr.), 268 N.J. Super. 301, 304 (App. Div. 1993). See also Close v. Kordulak Bros., 44 N.J. 589 (1965). We cannot substitute our judgment for that of the agency. See In re Polk License Revocation, 90 N.J. 550, 578 (1982). The burden of showing the agency's action was arbitrary, unreasonable or capricious rests upon the appellant. See Barone v. Dep't of Human Servs., Div. of Med. Assistance & Health Servs., 210 N.J. Super. 276, 285 (App. Div. 1986), aff'd, 107 N.J. 355 (1987).

We accord deference to a final agency action, and will not substitute our "judgment for the expertise of an agency so long as that action is statutorily authorized and not otherwise defective because arbitrary or unreasonable [or not supported by the record]." In re Authorization for Freshwater Wetlands Gen. Permits, 372 N.J. Super. 578, 593 (App. Div. 2004) (quoting In re Distrib. of Liquid Assets, 168 N.J. 1, 10 (2001)) (alteration in original).

We are satisfied that Davidson's contentions as to the sufficiency of the evidence supporting the findings of misconduct are without merit. From an examination of the record, we are satisfied that the action of the agency on this score was supported by substantial credible evidence and was neither arbitrary, capricious nor unreasonable.

A-0246-15T2

We turn next to Davidson's contention that the Commission "erred as a matter of law" by failing to impose progressive discipline. In its de novo review, the Commission agreed with Judge Leland S. McGee's finding of facts and his substantiation of the charge of conduct unbecoming a public employee, N.J.A.C. 4A:2-2.3(a)(6), and violations of Essex County policies. However, the Commission determined that Davidson's unblemished prior disciplinary history was outweighed by the seriousness of the infraction. The Commission found Davidson's removal from employment was appropriate despite her lack of prior disciplinary history. The Commission based its findings on the fact that

> the appellant was a public safety employee who maintains safety and security in the potentially dangerous environment of a juvenile detention facility, while promoting adherence to the law among detainees, and as such, is held to a higher standard of public duty. This standard includes upholding an image of utmost confidence and trust, since juvenile detention officers, like municipal police officers, hold highly visible and sensitive positions within the community.

Removal in this case is not "so disproportionate to the offense . . . as to be shocking to one's sense of fairness." In re Carter, 191 N.J. 474, 484 (2007) (citations omitted). The Commission's decision to uphold Essex County's removal of Davidson is reasonable based upon the credible evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-0246-15T2